**Opinion filed December 13, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00161-CV
_____

## IN THE INTEREST OF C.F., A CHILD

**On Appeal from the 326th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 8795-CX**

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother and father of C.F. The mother appeals and presents five issues for this court's consideration, including challenges to the sufficiency of the evidence in support of the trial court's findings. We affirm.

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2018). To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is

factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. FAM. § 161.001(b).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

The trial court found that Appellant had committed the acts listed in subsections (D), (E), and (O) of Section 161.001(b)(1). Specifically, the trial court found that Appellant had knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the child's physical or emotional well-being, that Appellant had engaged in conduct or knowingly placed the child with

persons who engaged in conduct that endangered the child's physical or emotional well-being, and that Appellant had failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the child, who had been in the managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent for abuse or neglect. The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the child.

In her second, fourth, and fifth issues on appeal, Appellant challenges the sufficiency of the evidence to support the trial court's findings. She contends in her first issue that this court's sufficiency review is limited to the reporter's record because the trial court did not take judicial notice of its file. In her third issue, Appellant urges this court to consider the sufficiency of the evidence with respect to subsections (D) and (E) even if we are to find the evidence sufficient under subsection (O).

In response to Appellant's first "issue," we note that the trial court was not asked to take judicial notice of its file and that nothing in the record indicates that it did so of its own accord. Therefore, this court's review of the evidence will be limited to the evidence produced at trial as reflected in the reporter's record. That record reveals that only two witnesses testified at the trial: an investigator for the Department and the conservatorship caseworker that was involved in this cause.

The record reflects that the Department became involved with C.F. when she was eleven months old. At that time, the Department received an intake related to methamphetamine use in the home. C.F., who had some suspicious bruising on her face, tested positive for methamphetamine and was removed by the Department. At the time of removal, C.F. resided with her father, her father's girlfriend, and her father's mother. Appellant did not reside with them at the time of removal. During

3

the investigation, however, Appellant admitted not only that she used methamphetamine but also that she had used methamphetamine with the father in the home from which C.F. was removed. Appellant said that a drug called "flakka" was also being used in the home where C.F. lived.

After removal, the trial court ordered Appellant to comply with the provisions of her family service plan. The conservatorship caseworker indicated that Appellant may have had some mental health issues that interfered with her ability to "complete" her service plan; however, the undisputed evidence indicated that Appellant failed to comply with most of the provisions of that plan. In the only two drug tests that Appellant submitted to while this case was pending, she tested positive for methamphetamine. Additionally, Appellant failed to complete parenting classes, failed to maintain contact with the Department, failed to keep the Department updated as to her address and a pending criminal charge against her, failed to complete inpatient drug treatment, failed to attend counseling, failed to regularly visit C.F., and failed to submit to drug testing on several occasions.

The conservatorship caseworker testified that she believed that termination of Appellant's parental rights would be in the best interest of C.F. The Department's goal for C.F. was for her to be adopted by her foster parents, who were described at trial as good foster parents. In that regard, C.F. had been placed in the same foster-to-adopt home for a year. She had thrived in that home and was very bonded with her foster family. At the time of trial, C.F. was healthy and no longer exhibited the aggressive behaviors that had been an earlier concern.

On appeal, Appellant challenges the trial court's findings under both subsection (D) and subsection (E) in her fourth issue. Under subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the child's well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *In re D.O.*, 338 S.W.3d 29, 33 (Tex. App.—Eastland 2011, no pet.).

4

Additionally, termination under subsection (E) must be based on more than a single act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *In re D.T.*, 34 S.W.3d 625, 634 (Tex. App.—Fort Worth 2000, pet. denied); *In re K.M.M.*, 993 S.W.2d 225, 228 (Tex. App.—Eastland 1999, no pet.). The offending conduct does not need to be directed at the child, nor does the child actually have to suffer an injury. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). Drug use may constitute evidence of endangerment. *Id.*

Here, the record reflects that Appellant used methamphetamine, that she had engaged in methamphetamine use with the child's father in the home where C.F. resided and was thus aware of the father's use of methamphetamine in the home, and that C.F. tested positive for methamphetamine at the time of removal. C.F.'s physical and emotional well-being was endangered by the use of methamphetamine in her presence, and Appellant, at a minimum, knew that methamphetamine use was occurring in the home in which C.F. resided. Additionally, the Department presented evidence that Appellant continued to use methamphetamine while this case was pending. Thus, clear and convincing evidence supports the trial court's finding that Appellant endangered the child's physical or emotional well-being or that she knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being. Consequently, we hold that the evidence is legally and factually sufficient to support the trial court's finding under Section 161.001(b)(1)(E). We overrule Appellant's fourth issue.

Because a finding that a parent committed one of the acts listed in Section 161.001(b)(1)(A)–(U) is all that is required and because we have held that the evidence is sufficient to support the trial court's finding under subsection (E), we need not address Appellant's second or third issue or the remainder of her fourth issue. *See* TEX. R. APP. P. 47.1.

In her final issue, Appellant challenges the sufficiency of the evidence in support of the trial court's finding that termination of Appellant's parental rights would be in the child's best interest. Based on the evidence presented at trial and in light of the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in the best interest of the child. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, the parental abilities of Appellant and the foster parents, the plans for the child by the Department, the stability of the child's placement, Appellant's continued drug use, Appellant's sporadic contact with the child, and Appellant's inability to care for the child, we hold that the evidence is sufficient to support the finding that termination of Appellant's parental rights is in C.F.'s best interest. *See id.* We note that C.F. was too young to express her desires in this matter. We overrule Appellant's fifth issue.

We affirm the order of the trial court.

JIM R. WRIGHT
SENIOR CHIEF JUSTICE

December 13, 2018

Panel consists of: Bailey, C.J.;
Gray, C.J., 10th Court of Appeals[1];
and Wright, S.C.J.[2]

Willson, J., not participating.

---

[1]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.